IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,998-23, -24 & -25






EX PARTE REGINALD DONELL RICE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 366-83133-06, 366-83134-06 & 366-83135-06 


IN THE 366TH DISTRICT COURT

FROM COLLIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of a controlled substance, tampering with evidence, and failure to stop and render aid. He was
sentenced to imprisonment for twenty years and two terms of forty-five years. The Fifth Court of
Appeals dismissed his appeals. Rice v. State, Nos. 05-07-00705-CR, 05-07-00706-CR & 05-07-00707-CR (Tex. App.-Dallas Dec. 6, 2007, no pet.).

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance. 
The trial court made findings of fact and conclusions of law and recommended that we grant relief.
We believe that the record should be further developed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to file a response. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make conclusions of law as to whether Applicant's claims are
procedurally barred. Tex. Code Crim. Proc. art. 11.07, § 4. The trial court shall then make findings
of fact, based on counsel's affidavit and other available evidence in the record, whether Applicant
pleaded guilty in these causes because he had been sentenced to life in cause number 366-83058-06
or because counsel advised him to plead guilty. Finally, the trial court shall make conclusions of law
as to whether Applicant would have insisted on going to trial in these causes but for the life sentence
or counsel's advice. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 24, 2011

Do not publish